TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

HAYLEY A. CARPENTER, CA Bar No. 312611
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0242
Fax: (202) 305-0506
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL; ALLIANCE FOR THE WILD ROCKIES, | Case No. 9:23-cv-00112-DLC |
| Plaintiffs, | SETTLEMENT AGREEMENT |
| v. | |
| EMILY PLATT, in her official capacity as National Forest Supervisor; KEITH LANNOM, in his official capacity as Deputy Regional Forester; UNITED STATES FOREST SERVICE; UNITED STATES FISH & WILDLIFE SERVICE, | |
| Defendants. | |

This Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Native Ecosystems Council and Alliance for the Wild Rockies ("Plaintiffs") and Defendants Emily Platt, in her official capacity as National Forest Supervisor, Keith Lannom, in his official capacity as Deputy Regional Forester, the United States Forest Service, and the United States Fish & Wildlife Service ("Defendants").

The Parties, by and through their undersigned counsel, state as follows:

WHEREAS, Plaintiffs' lawsuit alleges violations of the Administrative Procedure Act, National Environmental Policy Act, the National Forest Management Act, and the Endangered Species Act, stemming from approval of the Middleman Project;

WHEREAS, the Parties have engaged in good faith settlement negotiations in an effort to avoid the time and expense of further litigation;

WHEREAS, the Parties believe therefore that it is in the interests of the Parties and judicial economy to resolve the claims in this action without additional litigation;

NOW THEREFORE, it is agreed to by the Parties as follows:

1. <u>Middleman Project</u>:

    a. The Forest Service remains free to implement the following components of the Middleman Project: activities under the Crouching

2

      Trout Timber Sale, including approximately 4.1 miles of temporary road construction and approximately 20.82 miles of road reconstruction; all pre-commercial thinning authorized by the Middleman Project; all prescribed burning authorized by the Middleman Project except as limited by paragraph 1.c.; and all other non-commercial activities authorized by the decision.

b.    The Forest Service agrees to forego commercial timber harvest authorized under the Middleman Project except the treatments and associated timber sale activities included in the Crouching Trout Timber Sale contract.  The Forest Service agrees to forego the remainder (other than the Crouching Trout temporary road construction and road reconstruction discussed in paragraph 1.a.) of the temporary road construction and road reconstruction authorized under the Middleman Project decision, amounting to approximately 41.9 miles of temporary road construction and 69 miles of road reconstruction.

c.    The Forest Service agrees to limit prescribed burning in Inventoried Roadless Areas authorized under the Project to no more than 25 percent of any such area.

    d.      The Forest Service agrees to provide Plaintiffs with an annual summary of prescribed burning in Inventoried Roadless Areas under the Middleman Project, including units where burning has occurred and the acres burned.

2.      <u>Attorneys' Fees and Costs</u>.  Defendants agree to pay, and Plaintiffs agree to accept, the lump sum of thirty-nine thousand dollars ($39,000) in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and/or any other statute and/or common law theory, for all attorneys' fees, costs, and expenses incurred by Plaintiffs in this litigation.

    a.      Defendants' payment, as identified in Paragraph 2, shall be accomplished by electronic funds transfer into the client trust account for Plaintiffs.  Within 10 days of execution of this Settlement Agreement, Plaintiffs will provide Defendants with the necessary account information to effectuate this payment.

    b.      Defendants agree to make all reasonable efforts to submit all necessary paperwork to the appropriate funding authorities at the Department of Agriculture within fourteen (14) days of final execution of the Settlement Agreement or receipt of payment information under Paragraph 2.a., whichever is later.

4

    c.    Plaintiffs agree to send confirmation of the receipt of the payment to counsel for Defendants within 14 days of such payment.

    d.    Except for the obligations specifically required under this Settlement Agreement, Plaintiffs agree to hold harmless the Defendants in any litigation, further suit, or claim arising from the payment of the agreed-upon $39,000.00 settlement amount, including any claims that may arise as to any apportionment of the payment amount to Plaintiffs and Plaintiffs' counsel.

    e.    Plaintiffs acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the attorney fee award Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

3.    <u>Dismissal</u>.  Within seven (7) days after Plaintiffs receive the attorneys' fees agreed to in Paragraph 2, Plaintiffs will voluntarily dismiss this action.  The Court will retain jurisdiction only to oversee compliance with the terms of this Agreement and any motion to modify its terms.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

4.    <u>Modification of Agreement</u>.  This Settlement Agreement may be modified by the Court upon good cause shown (i) by written stipulation between the Parties

filed with and approved by the Court, or (ii) upon written motion filed by one of the Parties pursuant to Paragraph 10 and granted by the Court.  In the event that either Party seeks to modify the terms of this Settlement Agreement, or in the event of a disagreement between the Parties concerning any aspect of this Settlement Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Settlement Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with written notice of the claim.  The Parties agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the Parties are unable to resolve the claim themselves after 21 calendar days following receipt of a written notice or such longer time agreed to by the Parties, either Party may seek relief from the Court.  In the event that Plaintiffs believe that Defendant has failed to comply with a term of this Settlement Agreement, and after completing the notice and informal resolution process described above, Plaintiffs may move to enforce the terms of this Settlement Agreement.  This Settlement Agreement shall not be enforceable through a proceeding for contempt of Court.

5.      No Precedential Value.  This Settlement Agreement does not represent an admission by Plaintiffs or Defendants to any fact, claim, or defense in any issue in

this lawsuit.  This Settlement Agreement has no precedential value and shall not be used as evidence of such in any other matter.

6. <u>Sole and Final Agreement</u>.  This Settlement Agreement contains all of the agreements between Plaintiffs and Defendants, and is the final and sole agreement between the Parties concerning the complete and final resolution of Plaintiffs' claims.  The terms of this agreement shall become effective upon final execution.

7. <u>Representative Authority</u>.  The undersigned representatives of the Plaintiffs and Defendants certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Settlement Agreement and to legally bind the parties to it.

8. <u>Effective Date</u>.  The terms of this Agreement shall become effective upon final execution.  The Parties agree that this Agreement may be executed in one or more counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute the same instrument.  Facsimile or scanned signatures submitted by electronic mail shall have the same effect as an original signature in binding the parties.

9. <u>Compliance with Other Laws</u>.  Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendant obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law.  Nothing in this

Settlement Agreement shall be construed to deprive a federal official of authority to revise, amend or promulgate regulations, or to amend ore revise land and resource management plans.  Nor shall anything in this agreement deprive a federal official of authority to make a new decision, subject to all applicable law, with regard to the actions foregone in paragraph 1.b.  Nothing in this agreement shall prohibit Plaintiffs from bringing a new lawsuit to challenge any such decision.

10.     Force Majeure.  The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance.  Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Settlement Agreement.  A Party is entitled to delay or forego actions under this Settlement Agreement due to events beyond their control, but force majeure shall not continue beyond the circumstances and conditions that prevent timely performance, and shall not apply if alternative means of compliance are available.  The Party claiming force majeure shall have the burden of proof in proceedings to enforce or modify the Settlement Agreement.

       IT IS HEREBY AGREED.
       Dated: April 16, 2024.

                        */s/     Rebecca K. Smith (with permission)*
                        Rebecca K. Smith
                        PUBLIC INTEREST DEFENSE CENTER, PC

P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

*Attorneys for Plaintiffs*

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/    Hayley A. Carpenter
HAYLEY A. CARPENTER
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Ph:  (202) 305-0242; Fax:  (202) 305-0506
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*